DANIELLE SPINELLI (pro hac vice)
CHRISTOPHER E. BABBITT (SBN 225813)
WILMER CUTLER PICKERING HALE AND DORR LLP
1875 Pennsylvania Avenue, N.W.
Washington, D.C.  20006
Telephone:  (202) 663-6000
Facsimile:  (202) 663-6363
E-mail: christopher.babbitt@wilmerhale.com

JOHN A. MAIER (SBN 191416)
MAIER PFEFFER KIM GEARY & COHEN LLP
1440 Broadway, Suite 812
Oakland, CA  94612
Telephone:  (510) 835-3020
Facsimile:  (510) 835-3040
E-mail: jmaier@jmandmplaw.com

Attorneys for Plaintiff
THE ESTOM YUMEKA MAIDU TRIBE OF THE
ENTERPRISE RANCHERIA, CALIFORNIA

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| THE ESTOM YUMEKA MAIDU TRIBE OF THE ENTERPRISE RANCHERIA, CALIFORNIA,<br><br>  Plaintiff,<br><br>  v.<br><br>STATE OF CALIFORNIA,<br><br>  Defendant. | Case No. 14-cv-01939<br><br>**PLAINTIFF ESTOM YUMEKA MAIDU TRIBE OF THE ENTERPRISE RANCHERIA'S NOTICE OF MOTION AND MOTION FOR JUDGMENT ON THE PLEADINGS** |

1  TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

2  PLEASE TAKE NOTICE THAT on April 9, 2015, at 2:00 PM, or as soon thereafter as the
3  matter may be heard before the Honorable Troy L. Nunley, in the United States District Court for
4  the Eastern District of California, Sacramento Division, located at 501 I Street, Sacramento,
5  California, in Courtroom No. 2, Plaintiff Estom Yumeka Maidu Tribe of the Enterprise
6  Rancheria's Motion For Judgment On The Pleadings will be heard.

7  Pursuant to Federal Rule of Civil Procedure 12(c), the Estom Yumeka Maidu Tribe of the
8  Enterprise Rancheria (the Tribe) requests that the Court enter judgment on the pleadings in favor
9  of the Tribe, find that Defendant State of California (the State) has failed to negotiate in good faith
10 with the Tribe in violation of 25 U.S.C. § 2710(d)(3), and order the relief to which the Tribe is
11 entitled pursuant to 25 U.S.C. § 2710(d)(7).  As discussed in the Tribe's attached memorandum in
12 support of this motion, the State is required to "negotiate with [an] Indian Tribe in good faith to
13 enter into" a compact governing the conduct of class III gaming on eligible Indian lands.  25
14 U.S.C. § 2710(d)(3)(A).

15 The Tribe and the Governor negotiated and signed a compact in August 2012, which was
16 then transmitted to the Legislature for ratification, as required by California law.  *See* Cal. Const.
17 art. IV § 19(f); Cal. Gov. Code § 12012.25(d)-(e).  Since then, however, the Legislature has taken
18 no action to ratify the compact.  Nor has the Legislature voted to reject the compact and propose
19 new terms for the Tribe and the Governor to address through further negotiations.  Rather, the
20 Legislature sat on its hands until the compact expired by its own terms in July 2014.

21 The State's conduct violates the most basic tenets of good-faith negotiation—tenets that
22 courts have developed to ensure that a recalcitrant party cannot evade the duty in practice by going
23 through the motions of negotiation without any sincere attempt to reach agreement.  Most
24 fundamentally, a party subject to the duty of good-faith negotiation must negotiate towards an
25 *enforceable agreement,* taking the steps necessary to give it legal and practical effect once a
26 substantive agreement has been reached.  *See, e.g., H.J. Heinz Co. v. NLRB*, 311 U.S. 514, 525-26,
27 61 S. Ct. 320, 325-26 (1941).  So too, such a party must not unreasonably delay action, withhold

28

TRIBE'S NOTICE OF MOTION AND MOTION
FOR JUDGMENT ON THE PLEADINGS                  - 1 -

1 approval of an agreement without offering any counterproposal to address its concerns, refuse to
2 negotiate over permissible topics, or rely on impermissible considerations during the
3 negotiations—conduct that could frustrate the duty in practice.  As shown in the attached
4 memorandum, the State has violated many, if not all, of these requirements through its dealings
5 with the Tribe.  The Legislature may not, consistent with the obligation to negotiate in good faith,
6 decline for over two years to ratify a compact whose substantive provisions have been agreed
7 upon, while giving no reason for its inaction.

8     The Ninth Circuit has held that, under IGRA, "good faith should be evaluated objectively
9 based on the record of negotiations." *Rincon Band of Luiseno Mission Indians v. Schwarzenegger*,
10 602 F.3d 1019, 1041 (9th Cir. 2010).  A state's subjective belief in the legality of its course of
11 conduct is irrelevant and, as a matter of law, cannot excuse conduct that is objectively inconsistent
12 with standards of good-faith negotiation.  *Id.*  Accordingly, based on the undisputed facts set forth
13 in the Complaint regarding the objective record of the negotiations between the State and the
14 Tribe, the Tribe is entitled to judgment on the pleadings so that it may pursue IGRA's remedial
15 process.

16     Because the operative facts are undisputed, the Court should grant judgment on the
17 pleadings in favor of the Tribe.  Accordingly, the Tribe requests that the Court issue an order,
18 pursuant to 25 U.S.C. § 2710(d)(7)(B)(iii), requiring the State to conclude a gaming compact with
19 the Tribe within 60 days, failing which a compact will be selected by a mediator pursuant to 25
20 U.S.C. § 2710(d)(7)(B)(iv), and providing that if the State fails to consent to the compact selected
21 by the mediator within 60 days, the Secretary of the Interior shall prescribe, in consultation with
22 the Tribe, the procedures under which the Tribe may conduct gaming on its Indian lands, pursuant
23 to 25 U.S.C. § 2710(d)(7)(B)(vii).

24
25
26
27
28

TRIBE'S NOTICE OF MOTION AND MOTION
FOR JUDGMENT ON THE PLEADINGS         - 2 -

1  DATED:  January 12, 2015            Respectfully submitted,

2

3

4                                              By:      */s/ Christopher E. Babbitt*

5        DANIELLE SPINELLI (pro hac vice)
       CHRISTOPHER E. BABBITT (SBN 225813)
6      WILMER CUTLER PICKERING HALE AND DORR
       LLP
7      1875 Pennsylvania Avenue, N.W.
       Washington, D.C.  20006
8      Telephone:  (202) 663-6000
       Facsimile:  (202) 663-6363
9      E-mail: christopher.babbitt@wilmerhale.com

10

11     JOHN A. MAIER (SBN 191416)
       MAIER PFEFFER KIM GEARY & COHEN LLP
12     1440 Broadway, Suite 812
       Oakland, CA  94612
13     Telephone:  (510) 835-3020
       Facsimile:  (510) 835-3040
14     E-mail: jmaier@jmandmplaw.com

15
       Attorneys for Plaintiff THE ESTOM YUMEKA
16     MAIDU TRIBE OF THE ENTERPRISE
       RANCHERIA, CALIFORNIA
17

18

19

20

21

22

23

24

25

26

27

28

TRIBE'S NOTICE OF MOTION AND MOTION
FOR JUDGMENT ON THE PLEADINGS          - 3 -

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| THE ESTOM YUMEKA MAIDU TRIBE OF THE ENTERPRISE RANCHERIA, CALIFORNIA,<br><br>              Plaintiff,<br><br>       v.<br><br>STATE OF CALIFORNIA,<br><br>              Defendant. | Case No. 14-CV-01939<br><br><br><br>**CERTIFICATE OF SERVICE** |

I hereby certify that, on January 12, 2015, I electronically filed the foregoing document with the Clerk of the Court for the U.S. District Court for the Eastern District of California using the CM/ECF system, which sent notification of such filing to counsel of record in this case.


                                              */s/ Christopher E. Babbitt*

                                              CHRISTOPHER E. BABBITT (SBN 225813)
                                              WILMER CUTLER PICKERING HALE AND DORR LLP
                                              1875 Pennsylvania Avenue, N.W.
                                              Washington, D.C.  20006
                                              Telephone:  (202) 663-6000
                                              Facsimile:  (202) 663-6363
                                              E-mail: christopher.babbitt@wilmerhale.com

CERTIFICATE OF SERVICE