DANIELLE SPINELLI (*pro hac vice*)
CHRISTOPHER E. BABBITT (SBN 225813)
WILMER CUTLER PICKERING HALE AND DORR LLP
1875 Pennsylvania Avenue, N.W.
Washington, D.C. 20006
Telephone: (202) 663-6000
Facsimile: (202) 663-6363
E-mail: christopher.babbitt@wilmerhale.com

JOHN A. MAIER (SBN 191416)
MAIER PFEFFER KIM GEARY & COHEN LLP
1440 Broadway, Suite 812
Oakland, CA 94612
Telephone: (510) 835-3020
Facsimile: (510) 835-3040
E-mail: jmaier@jmandmplaw.com

Attorneys for Plaintiff
THE ESTOM YUMEKA MAIDU TRIBE OF THE
ENTERPRISE RANCHERIA, CALIFORNIA

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| THE ESTOM YUMEKA MAIDU TRIBE OF THE ENTERPRISE RANCHERIA, CALIFORNIA,<br><br>Plaintiff,<br><br>v.<br><br>STATE OF CALIFORNIA,<br><br>Defendant. | Case No. 14-cv-01939<br><br>**NOTICE OF SUPPLEMENTAL AUTHORITY** |

On November 13, 2015, Judge Anthony W. Ishii, United States District Court for the Eastern District of California, issued an order granting the motion of plaintiff North Fork Rancheria of Mono Indians of California ("North Fork") for judgment on the pleadings. *North Fork Rancheria of Mono Indians of California v. State of California*, No. 1:15-cv-00419-AWI-SAB, Dkt. No. 25 (E.D. Cal. Nov. 13, 2015) ("*North Fork*") (attached as Exhibit A).  The decision is relevant to arguments that the Estom Yumeka Maidu Tribe of the Enterprise Rancheria ("Enterprise") has offered in support of its pending motion for judgment on the pleadings and was unavailable at the time Enterprise filed its final brief in support of that motion.

The *North Fork* litigation, like this case, was filed against the State of California pursuant to IGRA's remedial provision, 25 U.S.C. § 2710(d)(7), to obtain relief in light of the State's failure to negotiate or to negotiate in good faith to conclude a Tribal-State gaming compact with the plaintiff tribe.  In the *North Fork* litigation, the Legislature voted to ratify the compact, but a referendum purported to overturn the ratified compact, and the State thereafter refused to honor the compact or to re-start negotiations.  The State advanced many of the same arguments in the *North Fork* litigation as it has advanced here.

The district court rejected the State's arguments.  As relevant to this case, the court concluded that (1) the State has waived its sovereign immunity to suits under IGRA's remedial provision, (2) the State's refusal to negotiate over North Fork's "off-reservation" land constituted a refusal to negotiate in good faith under IGRA, and (3) despite the State's ability to design its own compacting procedures to comply with IGRA, the good-faith obligation covers every state actor involved in the state system for compact approval and is not limited to the Governor's conduct during the "negotiation" of a compact.

*First*, the State has argued here that it did not waive its sovereign immunity, contending that because the Governor is the only person authorized to negotiate on behalf of the State, the State retains sovereign immunity with respect to suits challenging the conduct of other state officials or the State as a whole. Dkt. No. 16 at 9.  The district court in *North Fork* rejected the identical argument. *North Fork* at 8-12.  The court held that the waiver of sovereign immunity in

California Government Code section 98005 "was designed to provide a waiver of jurisdiction coextensive with IGRA's jurisdictional grant." *Id*. at 10.  As section 98005 was passed before article IV, section 19(f) of the California Constitution and California Government Code section 12025.25(d), the court held that it was inappropriate to consider the State's current compact approval system in construing the intended scope of the State's waiver.  *Id*. at 9-10.  Instead, the court looked to then-existing law, which—because it did not include a bifurcated approval process—supported the conclusion that section 98005 waived sovereign immunity with respect to the State as a whole.  *Id*. at 10.  Additionally, as Enterprise has argued here (Dkt. 20 at 17), the district court concluded that "fundamental principles of statutory interpretation compel the Court to presume that the term 'Governor' is not interchangeable with 'State of California.'"  *North Fork* at 11.

*Second*, Enterprise has argued here that the Legislature's inaction was improperly motivated by resistance to "off-reservation" gaming, which is an impermissible consideration under IGRA.  Dkt. 14-1 at 15-17, 20.  The district court in *North Fork* confirmed Enterprise's position, holding that "[l]ocation by itself, much like gaming revenue, is not the appropriate topic of negotiation under 2710(d)(3)(C)(vii)."  *North Fork* at 19.  In particular, the court held that when a tribe has no other viable location for gaming, and the State has failed to articulate a legitimate reason under IGRA to prefer a different location, refusal to negotiate over gaming on land the tribe has in trust violates IGRA's good-faith requirement.  *Id*. at 21 & n.22.

*Third*, the State has argued here that there is a difference between gubernatorial negotiation, which (in the State's view) is subject to IGRA's good faith requirement, and legislative ratification, which (in the State's view) is not.  Dkt. 16 at 5; Dkt. 21 at 1, 5.  The State has further argued that IGRA does not specify or limit the procedures that a State may adopt for compacting, and that IGRA therefore cannot require the Legislature to intrude on the Governor's role as the State's exclusive negotiator.  Dkt. 16 at 4; Dkt. 21 at 2-5.[1]  Indeed, the State argued that

---

[1] The Legislature has similarly argued that because it complied with the ordinary legislative process under state law, its conduct cannot have violated IGRA's good faith requirement.  Dkt. 19 at 5.

- 3 -

1  this logic applies with even greater force to the voters' right to referendum, asserting that the
2  "voters cannot possibly participate in negotiations with tribes." Dkt. 21 at 4.  Although the district
3  court in *North Fork* withheld final determination of the issue whether the referendum process
4  violated IGRA's good-faith requirement, its discussion of the relevant legal principles strongly
5  suggests that it would have rejected the State's arguments had it been necessary to address them
6  on the merits.  *North Fork* at 21-23.  While agreeing that IGRA allows states to set their own
7  negotiating procedures, the court concluded that "the system structured by state law for
8  negotiation—regardless of the name given to each part of the process, whether it be negotiation,
9  ratification, execution, or some other term—all falls within the IGRA requirement that the state
10 negotiate in good faith." *Id*. at 22.  The court rejected the State's theory that a state could impose
11 an unreviewable additional step beyond negotiation, finding that "doing so would render the duty
12 to negotiate in good faith toothless." *Id*. at 23.
13                                              * * *
14      In light of this recent decision—which fully vindicates Enterprise's position in this case—
15 Enterprise respectfully requests that the Court rule in its favor on the pending cross-motions for
16 judgment on the pleadings.

DATED:  December 18, 2015            Respectfully submitted,

                                     By:      */s/ Christopher E. Babbitt*


                                     DANIELLE SPINELLI (*pro hac vice*)
                                     CHRISTOPHER E. BABBITT (SBN 225813)
                                     WILMER CUTLER PICKERING
                                        HALE AND DORR LLP
                                     1875 Pennsylvania Avenue, N.W.
                                     Washington, D.C.  20006
                                     Telephone:  (202) 663-6000
                                     Facsimile:  (202) 663-6363
                                     E-mail: christopher.babbitt@wilmerhale.com

                                     JOHN A. MAIER (SBN 191416)
                                     MAIER PFEFFER KIM GEARY & COHEN LLP
                                     1440 Broadway, Suite 812
                                     Oakland, CA  94612
                                     Telephone:  (510) 835-3020
                                     Facsimile:  (510) 835-3040
                                     E-mail: jmaier@jmandmplaw.com

                                     Attorneys for Plaintiff THE ESTOM YUMEKA
                                     MAIDU TRIBE OF THE ENTERPRISE
                                     RANCHERIA, CALIFORNIA

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE ESTOM YUMEKA MAIDU TRIBE OF THE ENTERPRISE RANCHERIA, CALIFORNIA,<br><br>    Plaintiff,<br><br>    v.<br><br>STATE OF CALIFORNIA,<br><br>    Defendant. | Case No. 14-CV-01939<br><br><br><br>**CERTIFICATE OF SERVICE** |

I hereby certify that, on December 18, 2015, I electronically filed the foregoing document with the Clerk of the Court for the U.S. District Court for the Eastern District of California using the CM/ECF system, which sent notification of such filing to counsel of record in this case.

    */s/ Christopher E. Babbitt*

CHRISTOPHER E. BABBITT (SBN 225813)
WILMER CUTLER PICKERING HALE AND DORR LLP
1875 Pennsylvania Avenue, N.W.
Washington, D.C.  20006
Telephone:  (202) 663-6000
Facsimile:  (202) 663-6363
E-mail: christopher.babbitt@wilmerhale.com

CERTIFICATE OF SERVICE