DIANE F. BOYER-VINE (SBN: 124182)
    Legislative Counsel
ROBERT A. PRATT (SBN: 137704)
    Principal Deputy Legislative Counsel
CARA L. JENKINS (SBN: 271432)
    Deputy Legislative Counsel
Office of Legislative Counsel
925 L Street, Suite 700
Sacramento, California  95814
Telephone:  (916) 341-8245
Email: cara.jenkins@lc.ca.gov

Attorneys for Amicus Curiae
California State Legislature

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE ESTOM YUMEKA MAIDU TRIBE OF THE ENTERPRISE RANCHERIA, CALIFORNIA,<br><br>      Plaintiff,<br><br>v.<br><br><br>STATE OF CALIFORNIA,<br><br>      Defendant. | CASE NO. 2:14-cv-01939-TLN-CKD<br><br>RESPONSE TO NOTICE OF SUPPLEMENTAL AUTHORITY BY AMICUS CURIAE CALIFORNIA STATE LEGISLATURE<br><br><br>Judge:     Hon. Troy L. Nunley<br>Action Filed:  August 20, 2014 |

     Amicus Curiae California State Legislature submits its response to Plaintiff Estom Yumeka Maidu Tribe of the Enterprise Rancheria, California's Notice of Supplemental Authority filed on December 18, 2015.

     Plaintiff seeks to bring to this Court's attention the recent decision in *North Fork Rancheria of Mono Indians of California v. State of California*, No 1:15-cv-00419-AWI-SAB (E.D. Cal. Nov. 13, 2015) (hereafter *North Fork*) as supplemental "authority" in connection with a number of

Plaintiff's arguments advanced in this litigation.[1] *North Fork,* however, presents a very narrow holding premised on a fundamentally different set of facts.  As such, it offers little precedential value to the instant litigation. Notwithstanding the narrow basis identified by the *North Fork* court for its holding, Plaintiff directs this Court to dicta from the *North Fork* decision as "authority" upon which this Court is asked to decide a matter of first impression, namely, whether the Legislature's ratification function for tribal gaming compacts constitutes "negotiating" for purposes of the Indian Gaming Regulatory Act ("IGRA"). Because this issue is unique to this case and was neither addressed nor resolved in *North Fork*, the Court should disregard this "supplemental authority" and afford it no weight.

In *North Fork*, a gaming compact negotiated by the Governor and ratified by the Legislature was rejected by the people of California in a referendum vote. *North Fork* at pp. 6-10. Following the referendum, the tribe formally requested that the Governor enter into a new round of negotiations for a gaming compact for the same tribal site. *Id.* at pp. 23-25. The Governor responded by letter declining to negotiate further with respect to the original tribal site, citing the futility of any such efforts in light of the referendum vote. *Ibid.*

The *North Fork* tribe asserted two arguments under IGRA. *Id.* at p. 13. First, the tribe claimed that the State had not negotiated in good faith on the first compact. *Ibid.* Second, the tribe asserted that the Governor's failure to respond to the tribe's request for new negotiations after the referendum vote violated IGRA's requirement that the State negotiate a gaming compact in good faith. *Ibid.*

The *North Fork* court did not resolve the first argument.  Instead, the court made clear that it "need only decide the second alleged IGRA violation." *Id.* at pp. 13-14, 43. Thus, the court held only that "[t]he State's post-referendum letter in response to North Fork's requests for negotiations can only be reasonably interpreted as a denial of that request. *On that basis*, the Court must order the

---

[1] Plaintiff's Notice of Supplemental Authority invokes *North Fork* as support for three specific arguments. As amicus curiae in this matter, the California State Legislature will limit its response to address Plaintiff's third argument, as raised by the Legislature's amicus curiae brief (Dkt. No. 19), relating to the distinction between the Governor's negotiating function and the Legislature's ratification function for gaming compacts under IGRA. Dkt. No. 24 at pp. 2-3.

parties to reach an agreement within 60 days pursuant to § 2710(d)(7)(B)(iii)." *Id.* at p. 27, emphasis added. Thus, *North Fork* is only binding authority for the narrow holding that IGRA's remedial provisions were implicated when the Governor declined the tribe's request to negotiate a gaming compact after the referendum vote. Notwithstanding, the court did include certain dicta relating to the tribe's first IGRA claim in Section IV(C) of its opinion, which Plaintiff now asks this Court to recognize as supporting authority in this litigation.

It is a well-established principle that dicta does not bind a court as law. *U.S. v. Westlands Water Dist.,* 134 F. Supp.2d 1111, 1133 (E.D. Cal. 2001). To the extent Plaintiff is bringing this Court's attention to legal authority that is not binding, the Notice of Supplemental Authority is little more than an attempt to present additional argument to this Court after the briefing has concluded. Accordingly, this Court should disregard *North Fork* as "supplemental authority" in this litigation. Furthermore, as outlined in greater detail below, in addition to being nonbinding, the *North Fork* dicta also does not apply and is not relevant to the facts and legal issues in the instant litigation.

Plaintiff's Notice of Supplemental Authority relies on dicta located in Section IV(C) of the *North Fork* opinion to oppose the Legislature's amicus curiae argument that the Legislature's ratification function is distinguishable from the Governor's negotiating function for purposes of IGRA and, in any event, by complying with its established legislative processes the Legislature would satisfy IGRA. Dkt. No. 24 at pp. 2-3.

The dicta at issue relating to Plaintiff's argument summarizes the tribe's position that "the good faith negotiation requirement of IGRA applies to the State as a whole – including the people of the state in voting on a referendum" and acknowledges that a threshold issue would be "which person(s) or entity(s) owe a duty to negotiate in good faith on behalf of the State." *North Fork* at pp. 39-40. Plaintiff correctly, but selectively, quotes from *North Fork* a passage that IGRA's good faith requirement applies to the entire *negotiating* process, regardless of how a state structures its system and process for negotiation. *North Fork* at pp. 41-42.

On this point, even Plaintiff admits that they ask this Court to take notice of dicta, acknowledging that "*North Fork* withheld final determination of the issue." Dkt. No. 24 at p. 3. The *North Fork* court's clearly expressed position that it "need not come to any determination on this

issue" (*North Fork* at p.43) suggests that, for whatever reason, it was unwilling to do so.  And if the *North Fork* court was unwilling to include in its decision any determination regarding the efficacy of the referendum as applied to the negotiation process for gaming compacts, it would be imprudent to rely on that court's dicta in addressing an entirely separate matter of first impression – the obligations of the Legislature in the negotiation process for gaming compacts – under consideration in the instant litigation.

There can be no question that the *North Fork* court made these statements of dicta, and intended that they be construed, in relation to the particular facts of that case. Specifically, the court was facing the issue of whether a referendum election by a state's voting population on a fully executed gaming compact can reasonably be said to be part of the "negotiation" process for gaming compacts within the meaning of IGRA. *North Fork* at pp. 39-43. As noted, the *North Fork* court ultimately declined to address that issue, limiting its holding to whether the Governor acted in good faith in responding to post-referendum requests to negotiate.  But there is certainly no language in the *North Fork* dicta supporting Plaintiff's apparent contention that the Legislature's role in ratifying compacts negotiated by the Governor is part of the negotiating process. Because the *North Fork* dicta is specific to the context of the factual situation underlying that case, Plaintiff has no basis to suggest that the *North Fork* court would have rejected the State's arguments in this case. Accordingly, the *North Fork* dicta has no application to the matters at issue in this case and should be disregarded as supplemental authority by this Court.

In summary, Plaintiff asks that this Court take notice of *North Fork* as supplemental authority that "fully vindicates" Plaintiff's legal arguments in this case. Dkt. No. 24 at p. 3. To the contrary, *North Fork* produced a very narrow holding that has little relevance to this litigation. The portion of *North Fork* that Plaintiff offers as supplemental authority for its third argument is acknowledged by the *North Fork* court as mere nonbinding dicta.  Moreover, because the *North*

//

//

//

//

1  *Fork* dicta does not address the facts and issues at issue in this case, they are irrelevant and should be

2  disregarded as supplemental authority in this litigation.

3

4

5  Dated:  December 29, 2015                    Respectfully submitted,
                                               DIANE F. BOYER-VINE
6
                                                 Legislative Counsel
7

8                                              By: /s/ Robert A. Pratt (as authorized on 12/29/15)
                                                   ROBERT A. PRATT
9                                                  Principal Deputy Legislative Counsel

10                                             Attorneys for Amicus Curiae
                                               California State Legislature
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

RESPONSE TO NOTICE OF SUPPLEMENTAL AUTHORITY BY AMICUS CURIAE CALIFORNIA STATE LEGISLATURE

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

THE ESTOM YUMEKA MAIDU TRIBE OF ) CASE NO. 2:14-cv-01939-TLN-CKD
THE ENTERPRISE RANCHERIA,         )
CALIFORNIA,                       )
                                  )
          Plaintiff,              )
                                  )
     v.                           )
                                  ) CERTIFICATE OF SERVICE
                                  )
STATE OF CALIFORNIA,              )
                                  )
          Defendant.              )
                                  )

_____

I hereby certify that, on December 29, 2015, I electronically filed the foregoing document with the Clerk of the Court for the U.S. District Court for the Eastern District of California using the CM/ECF system, which sent notification of such filing to counsel of record in this case.

/s/ Cara L. Jenkins

CARA L. JENKINS (SBN 271432)
Deputy Legislative Counsel
Office of Legislative Counsel
925 L Street, Suite 700
Sacramento, CA  95814
Telephone: (916) 341-8245
E-mail: cara.jenkins@lc.ca.gov