KAMALA D. HARRIS
Attorney General of California
SARA J. DRAKE
Senior Assistant Attorney General
NEIL D. HOUSTON, State Bar No. 168058
Deputy Attorney General
JAMES G. WAIAN, State Bar No. 152084
Deputy Attorney General
  1300 I Street, Suite 125
  P.O. Box 944255
  Sacramento, CA 94244-2550
  Telephone: (916) 322-5476
  Fax: (916) 327-2319
  E-mail: Neil.Houston@doj.ca.gov
*Attorneys for Defendant, State of California*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE ESTOM YUMEKA MAIDU TRIBE OF THE ENTERPRISE RANCHERIA, CALIFORNIA,<br><br>Plaintiff,<br><br>v.<br><br>STATE OF CALIFORNIA,<br><br>Defendant. | 2:14-cv-01939-TLN-CKD<br><br>**STATE OF CALIFORNIA'S RESPONSE TO THE ESTOM YUMEKA MAIDU TRIBE OF THE ENTERPRISE RANCHERIA'S NOTICE OF SUPPLEMENTAL AUTHORITY**<br><br>Judge: The Honorable Troy L. Nunley<br>Trial Date: None Set<br>Action Filed: August 20, 2014 |

The State of California (State) submits the following response to the Estom Yumeka Maidu Tribe of the Enterprise Rancheria's (Enterprise) notice of supplemental authority (Dkt. No. 24) that was filed on December 18, 2015 (Notice).

## INTRODUCTION

In its complaint, Enterprise asserts that the California Legislature's failure to ratify Enterprise's class III gaming compact (Compact) prior to its built-in expiration date constituted bad faith on the part of the State within the meaning of the Indian Gaming Regulatory Act, 25

1

U.S.C. §§ 2701 to 2721 (IGRA). The parties' cross-motions for judgment on the pleadings are pending before this Court.

On December 18, 2015, Enterprise filed its Notice to put Judge Anthony W. Ishii's November 13, 2015 decision in *North Fork Rancheria of Mono Indians of California v. State of California*, No. 1:15-cv-00419-AWI-SAB, Dkt. No. 25 (E.D. Cal. Nov. 13, 2015) (*North Fork*), before this Court with the implication that the *North Fork* decision is dispositive of this case. In *North Fork*, the tribe alleged, among other things, that the invalidation of its executed and ratified class III gaming compact (North Fork Compact) by referendum in 2014[1] constituted bad faith by the State within the meaning of IGRA.

While Enterprise's case and *North Fork* share the factual similarity of class III gaming compacts that were successfully negotiated and executed by the Governor, but later invalidated by the action, or inaction, of others acting under authority granted by the California Constitution, they are also fundamentally different. Most importantly for present purposes, Judge Ishii very specifically decided *North Fork* on the basis of a fact that does not exist in the Enterprise case— that the Governor refused North Fork's request to resume negotiations following the referendum that overturned the ratification of the North Fork Compact. In this case, Enterprise never requested a resumption of negotiations following the expiration of its Compact, nor did the Governor state that he would be unwilling to do so.

Contrary to Enterprise's misleading contention in the Notice, Judge Ishii specifically declined to reach the issue of whether invalidation of a compact as a result of a governmental act by an entity other than the Governor constitutes bad faith within the meaning of IGRA. Accordingly, this case presents a different question than the one decided by Judge Ishii in the *North Fork* decision, and any guidance that might be taken from the *North Fork* decision with respect to the legal consequence of the Legislature's failure to ratify the Enterprise Compact before it expired would be based on dicta rather than on Judge Ishii's holding.

---

[1] On November 4, 2014, California voters rejected the North Fork Compact by rejecting the Indian Gaming Compacts Referendum (Proposition 48). (Order on Cross-Motions for J. on the Pleadings (Order), *North Fork* Dkt. No. 25 at 5.)

2

# ARGUMENT

Under California law, the Governor is the only actor authorized to negotiate class III gaming compacts with California Indian tribes. Cal. Const., art. IV, § 19 (f); Cal. Gov't Code § 12012.25 (d). It is undisputed that the Governor successfully negotiated a compact with Enterprise. (State of California's Answer to Complaint, Dkt. No. 11, ¶ 5.) The Enterprise Compact contained a provision that caused it to expire on July 1, 2014, if not ratified before that date. *Id.* The Legislature failed to ratify the Enterprise Compact by July 1, 2014, and the Enterprise Compact therefore expired by its own terms. *Id.*

There is no evidence, nor any allegation by Enterprise, that Enterprise requested to renegotiate a compact after its initial Compact expired. There is no evidence, nor any allegation, that the Governor or the Governor's Office ever communicated to Enterprise any unwillingness to resume negotiations. Rather than seeking to reopen negotiations, Enterprise chose to file this action in an effort to obtain IGRA's bad-faith remedy of compelled negotiations that would be conducted in the shadow of compact terms that could be imposed by the Secretary of the Department of the Interior. *See* 25 U.S.C. § 2710(d)(7)(B)(iii).

IGRA's bad-faith remedies are contingent upon a judicial finding that: 1) the tribe is eligible to conduct class III gaming under a compact to be negotiated with the state; 2) the tribe requested such negotiations; 3) the state failed to respond to the tribe's request to negotiate, or did so but negotiated in bad faith; and 4) a compact was not entered into. *See* 25 U.S.C. §§ 2710(d)(3)(A), 2710(d)(7)(B)(i)-(ii). Only then is the IGRA bad-faith remedy imposed. *See* 25 U.S.C. § 2710(d)(7)(b)(iii)-(vii).

Judge Ishii expressly based his decision in *North Fork* upon the State's refusal to renew negotiations after the referendum. (*See* Order, *North Fork* Dkt. No. 25 at 8, 15.) Contrary to Enterprise's contention that "the court concluded that . . . the good-faith obligation [under IGRA] covers every state actor involved in the state system for compact approval and is not limited to the Governor's conduct during the 'negotiation' of a compact" (*see* Notice, Dkt. No. 24 at 1), Judge Ishii expressly declined to base his decision on the voters' rejection of the North Fork Compact by referendum, or upon the actions of any state actor other than the Governor (*see North Fork*,

3

Dkt. No. 25 at 8, 23). The question of whether the actions of the Legislature, or the actions of the voters, in and of themselves, constitute bad faith under IGRA remains unresolved.

## CONCLUSION

In this case, there is no evidence that Enterprise and the Governor could not have successfully negotiated another compact if Enterprise had requested renegotiations, and no evidence that establishes that the Legislature would not ratify an alternative compact. For these reasons, it is premature to conclude that the required elements of an IGRA bad-faith claim have been established by Enterprise, and it would be premature to order the parties to compelled negotiations under 25 U.S.C. § 2710(d)(7)(B)(iii). Judge Ishii's choice of the basis for his decision in *North Fork* highlights the importance of the tribe's request for negotiations and the State's refusal to do so, in the calculus that leads to IGRA bad-faith remedies. In this case, both an Enterprise request and Governor's refusal are absent from the allegations. For this reason, Judge Ishii's December 13, 2015 decision in *North Fork* fails to support the relief Enterprise seeks, and instead supports judgment in favor of the State.

Dated: January 29, 2016

Respectfully submitted,

KAMALA D. HARRIS
Attorney General of California
SARA J. DRAKE
Senior Assistant Attorney General
JAMES G. WAIAN
Deputy Attorney General

/s/ NEIL D. HOUSTON

NEIL D. HOUSTON
Deputy Attorney General
*Attorneys for Defendant, State of California*

SA2014117674

# CERTIFICATE OF SERVICE

Case Name: **Estom Yumeka Maidu Tribe v. State of California, et al.**     No. **2:14-cv-01939-TLN-CKD**

I hereby certify that on **January 29, 2016**, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**STATE OF CALIFORNIA'S RESPONSE TO THE ESTOM YUMEKA MAIDU TRIBE OF THE ENTERPRISE RANCHERIA'S NOTICE OF SUPPLEMENTAL AUTHORITY**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on **January 29, 2016**, at Sacramento, California.

| Neil D. Houston | /s Neil D. Houston |
|---|---|
| Declarant | Signature |